UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
Michael W. Bonbon,                )
Plaintiff,                        )
                                  )
v.                                )
                                  )
Elite Guardian Solutions, LLC,    )
                                  )
Defendant.                        )
_____)

I. <u>INTRODUCTION</u>

1. The Plaintiff Michael Bonbon brings this action against Elite Guardian Solutions, LLC, under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C § 4301, et. seq. , in particular §§ 4311 et. seq.  In violation of that statute, Defendant denied Mr. Bonbon reemployment at his former job following his return from deployment in the U.S. Army.

II. <u>PARTIES</u>

2. Michael W. Bonbon is an adult resident of Salem, Massachusetts.

3. Defendant Elite Guardian Solutions, LLC, formerly known as Elite Security Systems, LLC, is a limited liability company with its chief place of business at 19 Front Street, Suite 203, Salem, Massachusetts 01970.

4. Eric Darisse is the owner, manager, and resident agent of Elite Guardian Solutions.

III.     JURISDICTION

5. This Court has federal question jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 as conferred through the specific provisions of 38 U.S.C. § 4323(b)(3).

IV.     FACTS

6. Mr. Bonbon joined the U.S. Army Reserves on or about January of 2015.

7. At the time, Mr. Bonbon was employed full-time by Plaintiff.

8. Mr. Bonbon typically worked a forty hour week at his job and an average of five to ten hours of overtime a week.

9. Mr. Bonbon was paid approximately $4,000.00 a month in salary at his job.

10. In April of 2015, Mr. Bonbon was notified that his unit would be deployed sometime in the next two months.  Mr. Bonbon notified his employer of this fact.

11. Mr. Bonbon received his mobilization orders on or about June 6, 2015, and was deployed to Fort Bliss, El Paso, Texas, on or about June 20, 2015.

12. Mr. Bonbon was discharged from the Army, with an Honorable Discharge, on or about August 12, 2015.

13. Mr. Bonbon returned to Salem, Massachusetts, within on or about August 17, 2015, and requested reemployment from Elite Guardian Solutions.

14. Elite Guardian Solutions provided Mr. Bonbon with a part-time position for approximately three and one half weeks, as a replacement for Mr. Bonbon's supervisor, who was on emergency leave.  Mr. Bonbon was told at the time that he would eventually be reemployed at his old job.

15. When Mr. Bonbon's supervisor returned from emergency leave, Mr. Bonbon was informed by Mr. Darisse that he would no longer have employment at Elite Guardian Solutions.  Mr. Darisse told Plaintiff that he should find another position or apply for unemployment or GI benefits.

16. Mr. Bonbon repeatedly asked Plaintiff to reemploy him at his previous position at the company.

17. Plaintiff refused reemployment, and has not employed Mr. Bonbon since.

18. As a consequence of Defendant's refusal to reemploy Mr. Bonbon, as required by the Uniformed Services Employment Rights Act, 38 U.S.C. §§ 4311 et. seq., Mr. Bonbon lost his apartment, was unable to retrieve his car from his former military base in New Hampshire, and was rendered unemployed.

19. Mr. Bonbon has been unable to find employment now for well over one year.

## COUNT 1

Defendant's actions in failing to provide Plaintiff with reemployment at his previous position at Guardian Solutions, LLC, after his deployment to the Armed Services, his timely return, and his reapplication for employment, constitute a violation of the Uniformed Services Employment Rights Act, 38 U.S.C. §§ 4311 et. seq.

WHEREFORE,   Plaintiff prays this Court:

1. ORDER the Defendant to pay the Plaintiff compensatory damages for lost wages and benefits, and lost assets associated with the loss of his apartment and car.

2. ORDER the Defendant to pay liquidated damages for wilfull violation of the statute;

3. ORDER the Defendant to pay the Plaintiff punitive damages, attorneys' fees, and costs;

4. ORDER injunctive relief in the form of ordering Defendant to reinstate Plaintiff to his former position and benefits; and

5. Any further relief as is just and necessary.

Respectfully submitted,
Michael W. Bonbon,
By his Attorney,


_____
David P. Hunt, BBO # 664416
Law Offices of David Hunt
70 Washington Street, Suite 404
Salem, MA 01970
(978)852-1131
lawofficesofdavidhunt@gmail.com