UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| MICHAEL W. BONBON, | * |  |
|---|---|---|
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * | Civil Action No. 17-cv-10275-ADB |
|  | * |  |
| ELITE GUARDIAN SOLUTIONS, LLC, | * |  |
|  | * |  |
| Defendant. | * |  |

**MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BURROUGHS, D.J.

Plaintiff Michael W. Bonbon alleges that his former employer, Defendant Elite Guardian Solutions, LLC ("Elite") denied him reemployment following his return from service in the U.S. Army in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4312–13. [ECF No. 1 ("Complaint" or "Compl.") ¶ 1]. Mr. Bonbon initiated this suit on February 21, 2017, fact discovery closed on September 7, 2018, and Elite filed its motion for summary judgment on November 15, 2018. [ECF Nos. 1, 27, 30]. On December 6, 2018, Mr. Bonbon opposed summary judgment. [ECF No. 32].

The briefings submitted by the parties do not comport with Local Rule 56.1. Elite's briefing lacks a "concise statement of the material facts of record as to which [it] contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation." LR, D. Mass 56.1; see [ECF No. 31]. While Elite's briefing contains a section entitled "FACTS" in which it fairly recounts the allegations of the Complaint and the deposition testimony of Mr. Bonbon and Chris Johnson, Mr. Bonbon's supervisor, it does not purport to recount uncontroverted facts. See [ECF No. 31 at 1–7]. This alone is grounds for denial of the

motion. LR, D. Mass 56.1 ("Failure to include such a statement [of undisputed facts] constitutes grounds for denial of the motion."). For its part, Mr. Bonbon's opposition brief succeeds in incorporating a section entitled "Genuine Issues of Material Fact," but the majority of the statements listed therein lack the required "page references to affidavits, depositions and other documentation." See id.; [ECF No. 32 at 5–8]. Accordingly, the Court is unable to adjudicate summary judgment on the documents presented by the parties and, therefore, denies Elite's motion for summary judgment.[1]

In light of the parties' disagreement concerning the applicable law, the Court takes this opportunity to briefly clarify the relevant legal framework and the questions of fact that remain to be adjudicated at trial. This action is brought pursuant to § 4312 of USERRA, which "provides veterans returning from military service the right to be rehired . . . ." Kane v. Town of Sandwich, 123 F. Supp. 3d 147, 161 (D. Mass. 2015); see 38 U.S.C. § 4312 (stating that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter" if the conditions of the chapter are met); [Compl. at 3; ECF No. 32 at 8]. To be entitled to reemployment, an individual must (i) give advance notice of his service to his employer; (ii) have a cumulative length of absence less than five years; and, (iii) report to or submit an application for reemployment to his employer within the time required by the statute. See § 4312(a)(1)–(3).[2]

Section 4313 of USERRA provides that "a person entitled to reemployment under section 4312, upon completion of a period of service in the uniformed services, shall be promptly

---

[1] To the extent that Mr. Bonbon's submission is styled a "Cross-Motion for Summary Judgment," the motion is denied for the same reason. See [ECF No. 32 at 12].

[2] The implementing regulations additionally require the person seeking reemployment to have an honorable discharge from service. 20 C.F.R. § 1002.32.

2

reemployed in a position of employment in accordance" with the terms of the statute. 38 U.S.C. § 4313(a). For individuals whose period of service was less than 91 days,[3] the statute requires reemployment in a position "in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service" or, if the person is not qualified to perform that position, in a position "in which the person was employed on the date of the commencement of the service in the uniformed services." Id. § 4313(a)(1)(A)–(B).

USERRA also contains an anti-discrimination provision, which Mr. Bonbon expressly disclaims proceeding under in his briefing despite ambiguity in the Complaint. [ECF No. 32 at 8]; see 38 U.S.C. § 4311; see generally [Compl.]. Whereas "Section 4312 protects service members at the instant of seeking reemployment, entitling the service member to reemployment," Section 4311, by contrast "applies after reemployment has occurred and 'prohibits discrimination with respect to any benefit of employment against persons who serve in the armed services after they return from a deployment and are reemployed.'" Petty v. Metro. Gov't of Nashville-Davidson Cty., 538 F.3d 431, 439–40 (6th Cir. 2008) (quoting Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 930 (8th Cir. 2007)); see also Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 304 (4th Cir. 2006) (contrasting § 4312 with § 4311 and other provisions of USERRA). Were Mr. Bonbon bringing a claim under § 4311, he would need to demonstrate "that [his] military status was 'at least a motivating or substantial factor' in the adverse employment action." Angiuoni v. Town of Billerica, 838 F.3d 34, 39 (1st Cir. 2016) (quoting Velázquez-García v. Horizon Lines of P.R., 473 F.3d 11, 17 (1st Cir. 2007)). Sections 4312 and 4313, however, do not require any similar showing. See Petty, 538 F.3d at 442–43; Francis, 452

---

[3] Mr. Bonbon testified that he left for service on June 20, 2015 and was discharged on August 12, 2015. See [ECF No. 31-1 at 24, 26].

3

F.3d at 303 ("[T]he procedural requirements of the two provisions differ.  An employee proceeding under § 4311 has the burden of proving that the employer discriminated against him or her based on a status or activity protected by USERRA.  Section 4312 imposes no such burden." (citations omitted)).

Under this framework, to succeed on his reemployment claim, Mr. Bonbon must demonstrate that he was entitled to reemployment and that the position into which he was rehired was not the position in which he would have been employed but-for his service.  Elite will have an opportunity to present evidence supporting any affirmative defenses pled and permitted by USERRA, such as impossibility or undue hardship.  See, e.g., [ECF No. 10 at 3].  At trial, the jury will be asked to resolve the factual questions of whether Mr. Bonbon was entitled to reemployment under USERRA and whether the position into which he was reemployed comported with the terms of § 4313, along with any factual questions necessitated by affirmative defenses Elite may present.[4]

**SO ORDERED.**

July 22, 2019

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[4] Even on the incomplete submissions presented, it is clear to the Court that there is a genuine factual dispute as to whether the position into which Mr. Bonbon was rehired met the obligations, if any, Elite had under USERRA.  See, e.g., [ECF No. 31 at 9; ECF No. 32 at 2–4, 12].  Had the Court been given the opportunity to review briefings that complied with the relevant rules, it almost certainly would have denied summary judgment for this reason.